141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Yuk Ming CHAN, Defendant-Appellant.
 No. 97-10028.
DC No. CR-95-20127-JW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1998.
Decided Mar. 4, 1998.
 
 Appeal from the United States District Court for the Northern District of California James Ware, District Judge, Presiding.
 Before SCHROEDER, FARRIS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Yuk Ming Chan appeals his jury conviction and sentence for conspiracy to receive stolen property in violation of 18 U.S.C. § 371. Ming Chan apparently concedes the existence of the conspiracy to buy stolen property, but argues that there was insufficient evidence of his knowing participation in the conspiracy.
 
 
 3
 "Once a conspiracy exists, evidence establishing beyond a reasonable doubt a defendant's connection with the conspiracy, even though the connection is slight, is sufficient to convict a defendant of knowing participation in the conspiracy." United States v. Melvin, 91 F.2d 1218, 1225 (9th Cir.1996) (citations omitted). Moreover, "one may join a conspiracy already formed and in existence, and be bound by all that has gone before in the conspiracy, even if unknown to him." United States v. Bibbero, 749 F.2d 581, 588 (9th Cir.1984) (citations and alterations omitted).
 
 
 4
 There was sufficient evidence to prove that Ming Chan was aware of the illegal nature of the transactions. As a sophisticated business person, Ming Chan would have been alerted to the unorthodox and suspicious manner in which the first two deals were conducted. Furthermore, the low price and seemingly unlimited availability of the chips in an undersupplied market were further indications that the chips were stolen. Ming Chan's argument that the price he paid was not low considering the trial testimony that rejected chips are generally sold for scrap at $2.70 per chip is unpersuasive because Ming Chan must have believed the chips were marketable, otherwise he would not have attempted to buy over 12,000 of them. Even assuming, arguendo, that Ming Chan was unaware that the chips were stolen during the first two sales, he was clearly aware by the third. See id.
 
 
 5
 Ming Chan also argues that the trial court erred in determining that his sentence should be increased by 13 levels for the amount of "loss" pursuant to U.S.S.G. § 2B1.1(b)(1)(N) (Nov.1995). Ming Chan's argument that the loss should be zero because he was convicted as a result of a sting operation is without merit. See United States v. Robinson, 94 F.3d 1325, 1329 (9th Cir.1996)("[C]riminal defendants cannot expect sentencing leniency merely because they are caught in a government sting operation rather than an ongoing crime."). Rather, in such a situation, this court has held that "intended loss" is an appropriate measure for sentencing. See id. at 1328. The district court's calculation of loss was based on a conservative scale and was not in error.
 
 
 6
 Ming Chan abandoned his claim of outrageous government conduct at oral argument, and we do not discuss it.
 
 
 7
 The district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3